Stamm and another vs. Dixon, Garnishee.

*April 22 — May 11, 1880.*

JUSTICES' COURTS. *When transcript of a justice's judgment may be certified by his successor.*

1. While the expiration of the term for which a particular person was elected to an office, does not create any "vacancy" in the office within the meaning of the statute which provides for filling vacancies by appointment or election, still sec. 248, ch. 120, R. S. 1858, which declares that "whenever the office of any justice of the peace shall become vacant by resignation, removal or otherwise," the justice to whom the books and papers of such former justice shall be delivered, shall proceed to try the action, etc., must be construed as including the case of one who ceases to be justice by reason of the expiration of his term; and the same construction must be given to the similar provision in sec. 3591, R. S.

2. Under the last named section, therefore, transcripts of judgments rendered by a justice, duly certified by his successor, are entitled to be docketed in the circuit court.

APPEAL from the Circuit Court for *Milwaukee* County. The case is stated in the opinion.

The cause was submitted on the brief of *D. G. Rogers* for the appellants, and that of *Sam. M. Dixon* for the respondent.

TAYLOR, J. This is an appeal from an order of the circuit court vacating and setting aside the docketing of the transcript of a judgment of a justice of the peace. The learned circuit judge held that a justice of the peace, elected as a regular successor of a justice whose term had expired, and into whose hands the books and papers of such former justice had been lawfully delivered, had no authority to issue a transcript upon a judgment appearing upon the docket of such former justice, and rendered by such former justice.

It is admitted that previous to the revision of 1878, and after the amendment of section 250, ch. 120, R. S. 1858, by chapter 120, Laws of 1869, such justice had authority to issue

a transcript upon a judgment appearing upon the docket of his predecessor, when such docket had lawfully come to his possession. Previous to the enactment of said chapter 120, Laws of 1869, there was no authority for issuing a transcript upon a justice's judgment by any one except the justice who rendered the judgment. See section 170, ch. 120, R. S. 1858; Tay. Stats., 1388, § 186. It will be seen that this section grants the right to issue a transcript to the justice who rendered the judgment, and to no other. The amendment extended the right to any justice to whom the books and papers of another justice shall have been transferred, as provided in said chapter 120, R. S. 1858.

Section 243, ch. 120, R. S. 1858, provides that when the term of office of a justice shall expire, he shall deliver over to the nearest justice all his books and papers, etc. This section is reënacted in the Revised Statutes of 1878 as section 3587.

Section 244, ch. 120, R. S. 1858, provides that "when any justice shall be removed from office, or shall remove out of the town in which he was elected, or his office shall in any way become *vacant*, except by death, if his successor in office be not elected and qualified, such justice, or the person in whose possession the same may be, shall, within ten days after such vacancy shall happen, deliver to the town clerk all the books and papers in his custody relating to his office as a justice of the peace." This section is reënacted as section 3588, R. S. 1878.

Sections 245, 246 and 247, ch. 120, R. S. 1858, are reënacted *verbatim* in the Revised Statutes of 1878, as sections 3589 and 3590. These sections relate to the duties of the town clerk into whose hands the books and papers of any justice of the peace shall have been delivered, and require him, in case of the death of any justice of the peace, to demand his books and papers of the person in whose custody the same may be, and to deliver them over, when received by him, to some other justice of the peace of the same town, and give public notice thereof.

Section 249, R. S. 1858, provides that "all actions, etc., pending before any justice of the peace, and undetermined, when his office shall *become vacant*, shall be continued of course, until the expiration of ten days from the time when the books and papers of such justice are delivered over to another justice of the town, as before provided, of which time the justice to whom such books and papers shall be delivered shall cause at least three days' notice to be given to the parties to such action or proceeding, or such of them as shall be within the county." This section is reënacted in the Revised Statutes of 1878 as section 3592.

Section 248, ch. 120, R. S. 1858, provided that "whenever the office of any justice shall become *vacant* by resignation, removal or otherwise; and there shall be pending before him any matter or action undetermined, and the books and papers of such justice shall be delivered over to any other justice of the town, pursuant to the foregoing provisions, the justice to whom such books and papers shall be so delivered shall proceed to hear, try and determine such matter or action, and to issue execution thereon in the same manner, and with like effect, as he might have done if such matter or action had been originally commenced before him." This section is reënacted in substance in the first part of section 3591, R. S. 1878.

It will be seen that section 248, above cited, provided for proceeding to judgment and execution in all undetermined cases which appeared upon the docket of any former justice, which had been delivered to him, and, under the provisions of section 170 of said chapter 120, he would have authority to issue a transcript upon such judgment; but no provision was made for issuing an execution or transcript upon any judgment in a case which had gone to judgment, appearing upon the docket of such former justice, by this section; but under section 175, ch. 120, R. S. 1858, as amended by section 2, ch. 236, Laws of 1863, the justice would probably have had authority to issue executions upon such judgments, but not

transcripts. This omission of the statute was remedied by chapter 120, Laws of 1869, which provided that " the justice to whom the books and papers of another justice shall have been transferred as hereinbefore provided, may issue execution upon any judgment appearing upon the books so transferred, in the same manner and with like effect as if such judgment had been rendered by him, and may issue transcripts of such judgments as provided in section 170 of this chapter." This amendment is reënacted in the last part of said section 3591, R. S. 1878.

We have no doubt that the words "whenever the office of any justice of the peace shall become vacant by resignation, removal or otherwise," found in said section 248, R. S. 1858, were intended to include, and do include, the case of the office becoming vacant by the expiration of the term of the justice. Unless such construction were given to the words, we should have no provision for proceeding to judgment in any case pending before a justice at the expiration of his term of office; this section being the only one which provided for proceeding to judgment in a case undetermined before a justice, by his successor in office. We cannot think that the legislature would have been so solicitous to preserve the right of a party to an action pending and undetermined before a justice, when he should die, remove out of his town, be removed from office, or resign, before the expiration of his term, to have the same continued and tried before his successor in office, or other justice into whose hands the docket of such justice should be delivered, and yet have intended that when the *vacancy occurred by the expiration of his term,* an event which would occur much more frequently than the other, the justice to whom he delivered his books and papers as required by said section 243, should have no power to proceed in any action which remained undetermined on the docket of such predecessor. It is true that *a vacancy* in an office does not occur by the expiration of the term of office for which the

officer who fills the office was elected, within the meaning of the statute which provides for the filling of vacancies in office by the appointment or election of another to fill such vacancy; but we think it is clearly within the meaning of the word "vacant," as used in this statute, that the office of any particular justice of the peace does become *vacant* when the term for which he was elected expires, and he is not elected his own successor. Such has been the uniform construction of this statute since its adoption in the Revised Statutes of 1849. If the word "*vacant*," as used in said section 248, does not cover the case of the termination of the office of the justice by the expiration of his term of office, then there never has been, and is not now, any law of this state which authorizes a successor in office of any justice of the peace, who has held his office until the expiration of the term for which he was elected, to hear, try and determine any action which might have been pending and undetermined upon the docket of his predecessor at the time his term of office expired, and all such actions would abate absolutely when such term expired. The uniform construction of this statute to the contrary, for more than thirty years, without question, is conclusive with us that it should receive the liberal construction contended for by the learned counsel for the appellants, and that such construction is one which the legislature very clearly intended it should receive.

If we have given the proper construction to the word *vacant*, as used in the revisions of 1849 and 1858, in this chapter, then there can be no doubt that it was the intention of the revisers of 1878, and of the legislature which enacted that revision, that it should be so construed in the revision of 1878. That a *vacancy* as to the office of a particular justice of the peace may properly be said to occur by reason of the expiration of the term for which he is elected, is clearly indicated by the provisions of the constitution upon the subject of the election of justices. See section 15, art. VII. The language used is:

Stamm and another vs. Dixon, Garnishee.

"In case of an election to fill a *vacancy occurring before the expiration of a full term*, the justice elected shall hold for the residue of the unexpired term."

As said above, the meaning of the words "vacancy in office," when used in the Revised Statutes of 1878, as defined by the statute for the purpose of declaring when such vacancy may or shall be filled by appointment or election, does not apply to or cover the case of the vacancy which occurs by reason of the expiration of the term for which the officer was elected or appointed. There is no vacancy in an office so long as those elected serve their full term, and a successor is elected and qualifies as provided by law; but as to each individual officer who serves out his term and is not reëlected, his office ceases and becomes as to him vacant, and it is in this latter sense that the word is used in the sections above referred to. The vacancy spoken of is the vacancy of the office of the individual justice, and not in the office itself.

The language used in section 3591 is: "Whenever *the office of any justice* shall become vacant for any cause." This language clearly refers to the office of an individual justice, and not to the office itself. When, therefore, the office of any justice expires, it is a vacancy as to him, and comes within the meaning of the language used. If, in any case, the words "vacant" or "vacancy" can be applied to the case of the expiration of the term of office of an individual officer, these words are clearly broad enough to cover that case. We are satisfied that the learned circuit judge erred in the construction of said section 3591, R. S. 1878, and in vacating and setting aside the docket of the transcript in this case.

*By the Court.*— The order of the circuit court is reversed.